**THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**LOUISVILLE DIVISION**
**Case No.   3:21CV-465-DJH**

| | |
|---|---|
| Belinda Curry,<br><br>       Plaintiff,<br><br>  – against–<br><br>MobiLoans, LLC<br>151 Melacon Drive<br>Marksville, LA 71351<br><br>AND<br><br>Trans Union, LLC<br>555 W. Adams Street<br>Chicago, IL 60661<br><br>      Defendant(s). | Judge:<br><br>Magistrate Judge:<br><br>**COMPLAINT AND JURY**<br>**DEMAND** |

## **COMPLAINT**

  Plaintiff, Belinda Curry (hereinafter "Plaintiff"), by and through her attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC., by way of Complaint against Defendants, MobiLoans, LLC ("MobiLoans") and Trans Union, LLC ("Trans Union") alleges as follows:

## **INTRODUCTION**

1.  This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices.   The FCRA prohibits furnishers of credit information from falsely

1

and inaccurately reporting consumers' credit information to credit reporting agencies ("CRAs").

**PARTIES**

2.  Plaintiff, Belinda Curry is an adult citizen of Kentucky, presently residing in Louisville, Jefferson County, Kentucky.

3.  Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4.  Defendant MobiLoans does business throughout the country and in the Commonwealth of Kentucky. Defendant MobiLoans is a "furnisher" of consumer credit information as that term is used in Section 1681s-2 of the FCRA.

5.  Defendant Trans Union is a limited liability company, doing business throughout the country and in the Commonwealth of Kentucky. Trans Union is a "consumer reporting agency" as defined in Section 1681a(f) of the FCRA. Trans Union is one of the largest CRAs in the world.

**JURISDICTION AND VENUE**

6.  This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7.  Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County, Kentucky. Further, venue in this district is proper pursuant to

Joint Local Rules of Civil Practice, LR 3.2(d), because Defendant a substantial part of the events or omissions giving rise to the claim occurred in Jefferson County, Kentucky.

## FACTUAL ALLEGATIONS

8.  Defendant MobiLoans issued an account ending in 4923 to Plaintiff.   The account was routinely reported on Plaintiff's consumer credit report.

9.  The consumer report at issue is a written communication of information concerning Plaintiff's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumer's eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

10. On or about July 23, 2018, Plaintiff and MobiLoans entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as Exhibit A.

11. Pursuant to the terms of the settlement, Plaintiff was required to make three (3) monthly payments totaling $603.00 to settle and close her MobiLoans account.

12. Plaintiff, via her debt settlement representative, timely made the requisite settlement payments. Proofs of these payments are attached hereto as Exhibit B.

13. However, since after payment in full of the settlement amount, Plaintiff's MobiLoans account ending in 4923 continued to be negatively reported.

14. In particular, on a requested credit report dated January 22, 2021, Plaintiff's MobiLoans account was reported with a status of "CHARGE OFF", a balance

3

of $602.00, and a past due balance of $602.00. The relevant portion of Plaintiff's credit report is attached hereto as <u>Exhibit C</u>.

15. This trade line was inaccurately reported. As evidenced by the settlement agreement and the proofs of payments, the account was settled for less than full balance and must be reported as settled with a balance of $0.00.

16. On or about March 29, 2021, Plaintiff, via her attorney at the time, notified Trans Union directly of a dispute with completeness and/or accuracy of the reporting of Plaintiff's MobiLoans account. A redacted copy of this letter and the enclosures are attached hereto as <u>Exhibit D</u>.

17. Therefore, Plaintiff disputed the accuracy of the derogatory information reported by MobiLoans to Defendants via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

18. In May of 2021, Plaintiff requested an updated credit report for review.  The tradeline for Plaintiff's MobiLoans account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the May 2021 credit report is attached hereto as <u>Exhibit E</u>.

19. Trans Union did not notify MobiLoans of the dispute by Plaintiff in accordance with the FCRA, or alternatively, did notify MobiLoans and MobiLoans failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiff's credit reports.

20. If MobiLoans had performed a reasonable investigation of Plaintiff's dispute, Plaintiff's MobiLoans account would have been updated to reflect a "settled" status with a balance of $0.00.

21. Despite the fact that MobiLoans has promised through its subscriber agreements or contracts to accurately update accounts, MobiLoans has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiff's credit reports.

22. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit information and Plaintiff's credit report, concerning the account in question, thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Trans Union.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

## **CLAIM FOR RELIEF**

25. Plaintiff reasserts and incorporates herein by reference all facts and allegations set forth above.

5

26. Trans Union is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

27. MobiLoans is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

28. MobiLoans, after Plaintiff had satisfied and paid in full the settlement amount on the account ending in 4923, failed to promptly correct and update the inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(a)(1). MobiLoans is reporting inaccurate credit information concerning Plaintiff to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

29. Plaintiff notified Defendants of the dispute on the account's completeness and/or accuracy, as reported.

30. Trans Union failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff's disputed account.

31. Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b) and 5 U.S.C. § 1681(i)(a).

32. MobiLoans, after receiving notice pursuant to 15 U.S.C. §1681i(a)(2),  failed to complete an investigation of Plaintiff's written dispute and provide the results

6

of an investigation to Plaintiff and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

33. MobiLoans failed to promptly conduct an investigation regarding the disputed and inaccurate information on Plaintiff's credit report in violation of 15 U.S.C. § 1681s-2(b), and to promptly correct the inaccurate information on Plaintiff's credit report  15 U.S.C. § 1681s(a)(2).

34. As a result of the above violations of the FCRA, Plaintiff suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday consumer and household expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

35. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiff demands that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury in this action of all issues so triable.

Dated : July 16, 2021.

Respectfully Submitted,

**LAW OFFICES OF ROBERT S. GITMEID & ASSOCIATES, PLLC**

/s/ Sheilah Galvez Kurtz
Sheilah Galvez Kurtz, Esq.
KBA No. 92677

Mailing Address for Service
1009 Twilight Trail, Suite 108
Frankfort, KY 40601
Tel: (502) 352-2401
Fax: (502) 352-2401
Email: skurtz@iglou.com

Main Office
30 Wall Street, 8th Floor #741
New York, NY 10005
Local Tel: (212) 226-5081
Toll Free: (866) 249-1137
Fax: (212) 208-2591